NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3148
_____

KEITH E. SNYDER,
                                        Appellant

v.

EDWARD KLEM, Superintendent, SCI Mahanoy;
THOMAS W. CORBETT, JR., Attorney General of the
State of Pennsylvania
_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-07-cv-00825)
District Judge: Honorable Thomas I. Vanaskie
_____

Submitted Under Third Circuit LAR 34.1(a)
July 11, 2011

Before:  RENDELL, SMITH and FISHER, Circuit Judges.

(Opinion Filed: July 20, 2011)
_____

OPINION OF THE COURT
_____

RENDELL, Circuit Judge.

Appellant Keith Snyder appeals the District Court's decision denying his Petition

for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  He contends that the District

Court erred by failing to find a due process violation in the eleven-year delay between the

time of the commission of the relevant crime and his arrest and prosecution. We will affirm.

I.

Because we write solely for the benefit of the parties who are familiar with the factual context and procedural history of this case, we recite only the facts relevant to our analysis. After Snyder's wife and infant son perished in a fire on July 2, 1982, the local coroner determined the manner of death to be criminal homicide, but a grand jury declined to issue any indictments and several consecutive district attorneys decided against further investigating or prosecuting Snyder for the deaths. In 1992, a new district attorney restarted the investigation, conducting interviews with eighty previously unquestioned individuals and gathering new physical evidence and expert testimony. As a result of the renewed investigation, on September 8, 1993, the Commonwealth issued a criminal complaint charging Snyder with arson and two counts of murder.

After a jury trial, Snyder was convicted on the charges in the Luzerne County Court of Common Pleas, but on appeal, the Pennsylvania Supreme Court concluded that the lengthy delay actually prejudiced Snyder's ability to present a defense; the Court instructed the trial court to conduct a hearing into whether the Commonwealth possessed a valid justification for the extensive passage of time. On remand, the trial court heard testimony from each of the district attorneys who served during the relevant time and from police investigators, who represented that the investigatory lapse prior to 1993 was unrelated to the purpose of gaining a tactical advantage and was motivated by

2

prosecutorial balancing of competing interests and limited resources. The testimony further demonstrated that after reappraisal of the case by a new district attorney, however, a restarted investigation yielded previously-undiscovered and compelling evidence, which served as the basis for Snyder's ultimate arrest. At the conclusion of the evidentiary hearing, the trial court found the Commonwealth's justification for the delayed arrest of Snyder to be valid and proper, and the Superior Court of Pennsylvania, sitting *en banc*, affirmed this judgment.

Snyder then filed a Petition for Writ of Habeas Corpus before the District Court raising due process and ineffective assistance of counsel claims; the Court held oral argument on April 20, 2010. The District Court subsequently denied Snyder's Petition, but granted a certificate of appealability on Snyder's claim that the pre-trial delay violated his due process rights.[1]

II.

"In reviewing on appeal a federal habeas judgment, we exercise plenary review over the district court's legal conclusions and apply a clearly erroneous standard to its findings of fact." *Kumarasamy v. Att'y Gen.*, 453 F.3d 169, 172 (3d Cir. 2006) (citation, quotations & alteration omitted). We will affirm the denial of Snyder's Petition for substantially the same reasons as set forth by the District Court.

Our consideration of Snyder's petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2241 *et seq.*, which provides

---

[1] The District Court exercised jurisdiction pursuant to 28 U.S.C. §§ 2241 and 2254. We have jurisdiction over this appeal under 28 U.S.C. §§ 1291 and 2253.

that where a petitioner's claim has been adjudicated on the merits in state court, "habeas relief is precluded unless the state court's decision was (1) 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States'; or (2) 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Williams v. Beard*, 637 F.3d 195, 204 (3d Cir. 2011) (quoting 28 U.S.C. § 2254(d)). The terms "contrary to" and "unreasonable application of [law]" are afforded independent meaning: the former prong applies when "'the state court reaches a conclusion opposite to the Supreme Court's own conclusion on a question of law or decides the case differently [on] a set of materially indistinguishable facts.'" *Adamson v. Cathel*, 633 F.3d 248, 255 (3d Cir. 2011) (quoting *McMullen v. Tennis*, 562 F.3d 231, 236 (3d Cir. 2009)). The "unreasonable application" prong governs when a "'state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts.'" *Id.* (quoting *Wiggins v. Smith*, 539 U.S. 510, 520 (2003)). Importantly, "'an *unreasonable* application of federal law is different from an *incorrect* application of federal law,'" *Renico v. Lett*, 130 S. Ct. 1855, 1862 (2010) (quoting *Williams v. Taylor*, 529 U.S. 362, 410 (2000)) (emphasis in original), and "we are not authorized to grant *habeas corpus* relief simply because we disagree with the state court's decision or because we would have reached a different result if left to our own devices." *Outten v. Kearney*, 464 F.3d 401, 414 (3d Cir. 2006) (citation & quotations omitted).

The relevant "clearly established Federal law" governing Snyder's claim that a lengthy pre-indictment delay violated his due process right to a fair trial was explicated

4

by the Supreme Court's decisions in *United States v. Lovasco*, 431 U.S. 783, 789 (1977), and *United States v. Marion*, 404 U.S. 307, 325 (1971). Under *Lovasco* and *Marion*, a petitioner "can make out a claim under the Due Process Clause only if he can show both (1) that the delay between the crime and the federal indictment actually prejudiced his defense; and (2) that the government deliberately delayed bringing the indictment in order to obtain an improper tactical advantage or to harass him." *United States v. Beckett*, 208 F.3d 140, 150-51 (3d Cir. 2000) (citing *Marion*, 404 U.S. at 325, and *Lovasco*, 431 U.S. at 789-90). Not "every delay-caused detriment to a defendant's case should abort a criminal prosecution," *Marion*, 404 U.S. at 324-25, and "the Due Process Clause does not permit courts to abort criminal prosecutions simply because they disagree with a prosecutor's judgment as to when to seek an indictment," *Lovasco*, 431 U.S. at 790. Rather, "the due process inquiry must consider the reasons for the delay as well as the prejudice to the accused," such that no deviation from "fundamental conceptions of justice" is evidenced when a prosecutor "refuses to seek indictments until he is completely satisfied that he should prosecute and will be able promptly to establish guilt beyond a reasonable doubt." *Id.* at 790, 795. "Investigative delay is fundamentally unlike delay undertaken by the Government solely 'to gain tactical advantage over the accused,'" and does not deprive a defendant of due process even if he is "somewhat prejudiced by the lapse of time." *Id.* at 795-96 (quoting *Marion*, 404 U.S. at 324).

Here, Snyder concedes that he "was unable to prove a delay which was *deliberately caused* so as to gain a tactical advantage over him," but argues that this absence is "not fatal to his claim." (Appellant's Br. 9 (emphasis added).) He urges

5

instead that where actual prejudice is confirmed, any subsequent exploitation of the delay – regardless of the root cause of the delay in the first instance – violates due process. (*Id.*)  We disagree.

As the District Court discussed, the state trial and appellate courts properly identified the applicable two-prong analysis called for by *Lovasco* and *Marion* in answering the question of whether Snyder had been deprived of due process by a prosecutorial delay.  (App'x 18-19.)  The courts acknowledged that the "delay in prosecution did result in actual prejudice to [Snyder]," satisfying the first prong of the analysis.  (App'x 19.)  At the same time, the state courts correctly observed that apart from a demonstration of actual prejudice, the applicable caselaw likewise requires that the delay be motivated by an intent to gain an unfair tactical advantage over the defendant.  In this regard, the Superior Court concluded that the Commonwealth's justifications for the delay were devoid of any deliberate intent to tactically undermine Snyder's defense, and, therefore, did not rise to the prohibited level of "purposeful shelving of a case to gain advantage" or "offend constitutional standards."  (*Id.*)

The Superior Court's reasoning aligns with the Supreme Court's governing precedent that due process is violated only where the government deliberately delays an indictment with the purpose of tactically disadvantaging or harassing a petitioner.  Snyder failed to show that the government's investigatory delay violated this prong of the analysis by "delay[ing] the indictment deliberately to harass him or to gain some improper advantage."  *Beckett*, 208 F.3d at 151.  The state court did not "[r]each a conclusion opposite to the Supreme Court's own conclusion on a question of law," nor

did it "identify[ ] the correct governing legal principle . . . but unreasonably appl[y] that principle to the facts." *Adamson*, 633 F.3d at 255. Hence, under our "highly deferential standard for evaluating state-court rulings," *Renico*, 130 S. Ct. at 1862, we cannot say that this ruling was either "contrary to" nor an "unreasonable application of federal law."

## III.

For the foregoing reasons, we will affirm the District Court's denial of Snyder's Petition for a Writ of Habeas Corpus.